**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROGER WILLIAM HULL,

                Plaintiff-Appellant,

  v.

KATHRYN REYNOLDS; et al.,

                Defendants-Appellees.

No.    17-15055

D.C. No. 3:15-cv-00348-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

    Nevada state prisoner Roger William Hull appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims related to constant illumination. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2014).  We affirm.

The district court properly granted summary judgment because Hull failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent by using excessive light in his prison dormitory, resulting in migraines. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . .").

The district court did not abuse its discretion in denying Hull's Fed. R. Civ. P. 56(d) motions for a stay and request for discovery because Hull failed to demonstrate that the discovery he requested would have precluded summary judgment.  *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

The district court did not abuse its discretion in not considering Dr. Lockley's affidavit because such evidence would not defeat summary judgment. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (standard of review for district court's rulings concerning admissibility of evidence on summary judgment).

We reject as without merit Hull's contentions that the district court erred in

17-15055

considering appellees' light test evidence, denying Hull's motion for sanctions, finding that its screening order allowed only one condition of confinement claim to proceed, and allowing defendants to change their defense.

We do not consider Hull's allegations that were not raised in the operative complaint, including his allegations that prison officials recently installed new lights, that additional lights are now lit all day, and that he now suffers from sleep deprivation. These new allegations must be raised in a separate action.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3                                                                 17-15055